IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN LEE RICHES, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. Action No. 09-077-JJF |
| | : |
| NATIONAL ENQUIRER, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff is **DENIED** leave to proceed in forma pauperis, for
the reasons that follow:

Plaintiff, JONATHAN Lee Riches ("Plaintiff"), Fed. ID
#40948-018, an inmate at FCI Williamsburg, Salters, South
Carolina, filed this action pursuant to 42 U.S.C. § 1983 seeking
injunctive relief. Plaintiff is a well-known litigator in the
federal courts, having filed more than 1,000 actions in various
federal district and appellate courts since 2006. See U.S.
Party-Case Index, http:// pacer.psc.uscourts.gov. showing 1,793
cases filed as of April 21, 2008. Plaintiff did not submit the
required $350.00 filing fee and the Court presumes he seeks in
forma pauperis status.

The Prison Litigation Reform Act ("PLRA") provides that a
prisoner cannot bring a new civil action or appeal a judgment in
a civil action in forma pauperis if he has three or more times in

the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule".  Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997).  An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.  Also, a prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

As noted above, Plaintiff is a frequent filer.  Many of his cases have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, while others have been dismissed for failure to pay the filing fee due to his status of filing more than three cases that were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Indeed, as of April 28, 2008, in the U.S. District Court for the District of South Carolina alone, Plaintiff had filed at least thirty-four cases which had been summarily dismissed by the Court on those grounds.[1]  Riches v. McKnight, 2008 WL 2261293, at *3

---

[1]Civil Action Numbers 4:07-cv-04094-MBS-WMC; 4:07-cv-04095-MBS-WMC; 4:07-cv-04097-MBS-WMC; 4:07-cv-04098-MBS-WMC; 6:07-cv-

(D.S.C. Apr. 28, 2008).  A sampling of other cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, includes: <u>Riches v. Craig</u>, Civ. No. 07-538-JJF (D. Del. Oct. 5, 2007); <u>Riches v. Guantanamo Bay</u>, Civ. No. 2:07-CV-13041-VAR (E.D. Mich. Aug. 8, 2007); <u>Riches v. Doe</u>, Civ No. 1:07-CV-20042-FAM (S.D. Fla. Jan. 24, 2007); <u>Riches v. Simpson</u>, Civ No. 6:07-CV-1504-Orl-31 KRS (M.D. Fla. Sept. 24, 2007); <u>Riches v. Jena 6</u>, Civ. No. 07-1656-A (W.D. La. Oct. 24, 2007); <u>Riches v. Swartz</u>, Civ. Action No. 7:07-CV-00379 (W.D. Va. Aug. 13, 2007); <u>Riches v. Williams</u>, Civ. No. 7:07-CV-427 (W.D. Va. Sept. 12, 2007); <u>Riches v. Khodorkovsky</u>, Civ. No. C 07-5654 MJJ(PR), 2007 WL 4219375 (N.D. Cal. Nov. 28, 2007); <u>Riches v. Kevorkian</u>, Civ. No. C 07-5420 MJJ(PR), 2007 WL 4219377 (N.D. Cal. Nov. 28, 2007); <u>Riches v. Hearst</u>, Civ. No. C 07-5419 MJJ(PR), 2007 WL 4219378 (N.D. Cal. Nov. 28, 2007); <u>Riches v. Dahmer</u>, Civ. No. C 07-5572 MJJ(PR), 2007 WL 4259295 (N.D. Cal. Nov. 28, 2007);

---

04135-MBS-WMC; 6:07-cv-04136-MBS-WMC; 6:07-cv-04137-MBS-WMC; 6:07-cv-04138-MBS-WMC; 6:07-cv-04139-MBS-WMC; 6:07-cv-04141-MBS-WMC; 6:07-cv-04142-MBS-WMC; 6:07-cv-04143-MBS-WMC; 6:07-cv-04144-MBS-WMC; 6:07-cv-04145-MBS-WMC; 6:08-cv-00098-MBS-WMC; 6:08-cv-00099-MBS-WMC; 6:08-cv-00100-MBS-WMC; 6:08-cv-00101-MBS-WMC; 6:08-cv-00102-MBS-WMC; 6:08-cv-00120-MBS-WMC; 6:08-cv-00121-MBS-WMC; 6:08-cv-00122-MBS-WMC; 6:08-cv-00123-MBS-WMC; 6:08-cv-00124-MBS-WMC; 6:08-cv-00125-MBS-WMC; 6:08-cv-00166-MBS-WMC; 6:08-cv-00167-MBS-WMC; 6:08-cv-00168-MBS-WMC; 6:08-cv-00169-MBS-WMC; 6:08-cv-00170-MBS-WMC; 6:08-cv-00171-MBS-WMC; 6:08-cv-00172-MBS-WMC; 6:08-cv-00173-MBS-WMC; 6:08-cv-00174-MBS-WMC.  <u>Riches v. McKnight</u>, 2008 WL 2261293, at *n.6 (D.S.C. Apr. 28, 2008).

Riches v. Shephard, Civ. No. C 07-5655 MJJ(PR), 2007 WL 4259298 (N.D. Cal. Nov. 28, 2007); Riches v. Ahmadinejad, Civ. No. C 07-5656 MJJ(PR), 2007 WL 4259310 (N.D. Cal. Nov. 28, 2007); Riches v. Simpson, Civ. No. 4:07cv408-RH/WCS, 2007 WL 3378257 (N.D. Fla. Nov. 12, 2007); and Riches v. Duncan, Civ. No. SA-07-CA-863-RF(NN), 2007 WL 3333103 (W.D. Tex. Nov. 8, 2007). As a result, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Additionally, factual allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." See Welch v. Selsky, Civ. No. 9:06-CV-00812 (LEK/DEP), 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). See also White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (vague or conclusory assertions of

4

harm fail to raise a credible allegation of imminent danger).
Moreover, Congress intended that the danger must exist at the
time the complaint is filed. Therefore, the "imminent danger"
exception does not apply to harms that have already occurred.
See Malik v. McGinnis, 293 F.3d 559, 561-62 (2d Cir. 2002)
(citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.
2001)); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999);
Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his
claim, Plaintiff includes the term "imminent danger" in the
instant Motion. Plaintiff alleges that he faces imminent danger
and bodily harm from all Defendants, well-known magazines and
their reporters, who "are threatening to publish [his] story."
Plaintiff alleges that the reporters have written him letters
indicating that he if does not cooperate with them, they will
"write horrible negative articles" about him. Plaintiff states
that he has nightmares and is scared that his privacy is
endangered. Plaintiff seeks injunctive relief to prevent
Defendants from publishing or printing photographs of him or
anything affiliated with his life. Finally, Plaintiff alleges
that, as a result of all the media attention, he was placed in
solitary confinement for security reasons. Prison officials,
however, are not named defendants.

Plaintiff alleges speculative or hypothetical danger. As

the instant allegations doe not invoke "imminent danger,"
Plaintiff is not excused from the restrictions under § 1915(g),
and he may not proceed in forma pauperis.

For the foregoing reasons, Plaintiff shall, within **thirty**
(30) days from the date of this Order, pay the $350.00 filing
fee.   If Plaintiff does not pay the filing fee within that time,
the action shall be dismissed and the case closed pursuant to 28
U.S.C. § 1915(g).

$2 / 18 / 09$
DATE

UNITED STATES DISTRICT JUDGE

6